The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Lorrie L. Dollar. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The sole issue for determination in I.C. File 116899 is to what permanent partial disability benefits is plaintiff entitled to receive to her right hand as a result of her admittedly compensable bilateral carpal tunnel syndrome.
2. With respect to I.C. File 337545, the issue for determination is whether the plaintiff sustained a compensable injury to her back on or about March 29, 1993.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the hearing, the plaintiff was a forty-two year old, left-hand dominant female who began working for defendant in 1987. The plaintiff's duties involved working on an assembly line to process chrome door trim for automobiles.
2. On April 19, 1995, the plaintiff was seen by Dr. L. Davis Frederick of Goldsboro Orthopaedic Associates for an impairment rating to her right arm as a result of the bilateral carpal tunnel syndrome. Dr. Frederick assigned plaintiff as having an eight percent impairment rating to her right hand as a result of the admittedly compensable claims and a fourteen percent impairment rating to the left hand.
3. On or about March 29, 1993, the plaintiff reported to work early to start the line. She went to obtain a bundle of parts from the cradle; and when she lifted the bundle of chrome parts, plaintiff felt a sharp pain in her central lower back.
4. The plaintiff continued to work until 11:00 a.m., at which time she felt she could no longer work through the pain. She reported the incident to Janelle Clinton, her group leader. The plaintiff was permitted to leave to seek medical care, and she went to an urgent care facility.
5. The urgent care clinic suspected plaintiff had a kidney colic, and referred her to Wayne Memorial Hospital. Tests were reported at the hospital as negative for a kidney problem. She was given a Demerol shot.
6. On March 30, 1993, the plaintiff returned to the hospital emergency room, at which time she was diagnosed with shingles.
7. On April 6, 1993, the plaintiff was seen by Dr. Amy Price, her family doctor, for treatment of shingles. This was the first available appointment. The plaintiff complained of right leg and back pain. Dr. Price referred the plaintiff to Dr. Douglas Jones of East Carolina Neurosurgical Associates.
8. On May 6, 1993, the plaintiff was seen by Dr. Jones, who ordered further diagnostic tests which revealed a ruptured disc at L5-S1. Dr. Jones performed a partial hemilaminectomy on May 7, 1993; and plaintiff was released to return to work on August 9, 1993.
9. Dr. Jones has opined that plaintiff's herniation was of recent origin and was related to some kind of lifting; and the plaintiff reported the history of the onset of back pain on March 29, 1993 following the episode of lifting the bundle of parts.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. With respect to I.C. File 116889, the plaintiff is entitled to permanent partial disability compensation for sixteen weeks at the rate of $198.41 per week as a result of the eight percent rating to her right hand. N.C. GEN. STAT. § 97-31 (12).
2. With respect to I.C. File 337545, the plaintiff sustained a compensable back injury on March 29, 1993 as a result of a specific traumatic incident.
3. As a result of the compensable back injury, the plaintiff is entitled to temporary total disability compensation for the period from March 30, 1993 to August 9, 1993 at the rate of $198.41 per week.
4. The plaintiff is entitled to have defendants pay for medical expenses incurred, or to be incurred, as a result of the compensable back injury.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Subject to an attorney's fee herein approved, defendants shall pay $3,174.56 in a lump sum to plaintiff as a result of the eight percent permanent partial impairment rating to her right arm which relates to the admittedly compensable injury which was the subject of I.C. 116899.
2. Subject to a reasonable attorney's fee hereinafter approved, defendants shall pay temporary total disability compensation to the plaintiff in a lump sum for the period from March 30, 1993 to August 9, 1993 at the compensation rate of $198.41 per week, as a result of the back injury which was the subject of I.C. File 337545.
3. A reasonable attorney's fee of twenty-five percent of the compensation awarded plaintiff in paragraphs 1 and 2 above shall be deducted from sums due plaintiff and paid directly to plaintiff's counsel.
4. Defendants shall pay all medical expenses incurred, or to be incurred, as a result of the compensable back.
5. This Opinion does not make any findings regarding permanent impairment as a result of the back injury. If this becomes an issue, the parties may file a Form 33 request for hearing before a deputy commissioner.
6. Defendants shall pay the costs including expert witness fees in an amount of $140.00 to Dr. Amy V. Price and $200.00 to Dr. F. Douglas Jones.
FOR THE FULL COMMISSION
 S/ __________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ __________________ J. RANDOLPH WARD COMMISSIONER
S/ __________________ BERNADINE S. BALLANCE COMMISSIONER
CMV/cnp/mj 6/4/96